

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00356-CV

_____

IN RE BRYAN SCOTT CAVETT, RELATOR

Original Proceeding
Arising From Proceedings Before the 452nd District Court
McCulloch County, Texas
Trial Court No. 6132; Honorable Robert R. Hoffmann, Presiding

January 12, 2021

MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Relator, Bryan Scott Cavett, an inmate proceeding *pro se* and *in forma pauperis*, has petitioned this court to issue a writ of mandamus against Vivian Long, the former Clerk of the Seventh Court of Appeals. He alleges that she failed to perform her ministerial duty to file his motions.[1] Accompanying his petition are two motions: one by which he requests a reprieve from having to file an affidavit of indigence due to COVID

---

[1] We note that Relator's motions were file-stamped.

quarantine which has prevented him from accessing the law library and another requesting an extension of time in which to comply with filing requirements. Relator did file an *Affidavit of Previous Filings*. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West 2017). For the reasons expressed herein, we dismiss his request for mandamus relief for want of jurisdiction. His motion to suspend compliance with filing requirements and his motion for an extension of time to comply are rendered moot.

## BACKGROUND

In 2018, this court affirmed Relator's conviction for indecency with a child by sexual contact for which he was assessed a twenty-year sentence. *See Cavett v. State*, No. 07-17-00141-CR, 2018 Tex. App. LEXIS 8498, at *11 (Tex. App.—Amarillo Oct. 17, 2018, no pet.) (mem. op., not designated for publication). Mandate issued on January 3, 2019.

On August 25, 2020, Relator filed a motion in this court seeking to vacate his conviction. In response, this court advised Relator by letter dated September 14, 2020, that mandate had issued divesting this court of plenary power to take any further action. Relator then filed a "motion for rehearing en banc." Due to this court's loss of plenary power, no action was taken on that motion.

Now pending before this court is Relator's attempt to have this court issue a writ of mandamus against its former clerk, Vivian Long. This court is without jurisdiction to grant Relator any relief.

## ANALYSIS

The authority of an intermediate appellate court to issue a writ of mandamus is limited by statute to such writs as are recognized by law, against the following persons:

2

- a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district;

- a judge of a district court who is acting as a magistrate at a court of inquiry under chapter 52 of the Texas Code of Criminal Procedure in the court of appeals district;

- an associate judge of a district or county court appointed by a judge under chapter 201 of the Texas Family Code in the court of appeals district for the judge who appointed the associate judge.

TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2020). This list is the exclusive list of persons subject to the mandamus jurisdiction of an intermediate appellate court. An appellate court clerk is not listed as one of the individuals against whom a writ of mandamus may be issued. Accordingly, pursuant to section 22.221(b), we have no authority to issue a writ of mandamus as to the clerk of this court.

In addition, section 22.221 of the Texas Government Code gives an intermediate appellate court the authority to issue a writ of mandamus "when necessary to enforce the jurisdiction of the court." *See* § 22.221(a). In that regard, Relator has not shown that a writ of mandamus is necessary to enforce this court's jurisdiction in a pending appeal. Therefore, we also have no authority to issue a writ of mandamus as to the clerk of this court pursuant to section 22.221(a).

**CONCLUSION**

Consequently, Relator's petition for a writ of mandamus is dismissed for want of jurisdiction and his two pending motions are rendered moot.

Per Curiam